**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.C.**

**No. 22-0346** (Mason County 20-JA-35)

**MEMORANDUM DECISION**

Petitioner Father T.C.[1] appeals the Circuit Court of Mason County's April 4, 2022, order terminating his parental rights to K.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In June of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the mother alleging that they abused controlled substances to the extent that their parenting skills were impaired. According to the DHHR, a search of the home revealed drugs and weapons in close proximity to the child, that there was little food and no running water, and that the home was cluttered to the extent that it was unsafe for the child. In August of 2020, petitioner stipulated to the allegations contained in the petition, and the circuit court adjudicated him as an abusing parent.

The circuit court granted petitioner a post-adjudicatory improvement period in September of 2020. Petitioner was granted a three-month extension in March of 2021 and a six-month extension after that, which ended in December of 2021. At that time, the child was returned to petitioner's physical and legal custody. Subsequently, in January of 2022, the mother relinquished her custodial rights. The circuit court granted the mother visitation with the children, provided that it was supervised by petitioner, "including eyes/ears on at all times and further that there will be no overnights or [the mother] residing in the same home as the child and that [the mother] cannot be alone with the child outside the presence of [petitioner]."

Thereafter, in February of 2022, the guardian filed a motion to modify the parents' disposition, alleging that petitioner admitted to abusing drugs and to allowing the mother to live

---

[1]Petitioner appears by counsel David B. Richardson. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Andrew Waight. Tanya Hunt Hadley appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

in the home with the child against the court's order. At a hearing held on the guardian's motion, a probation officer testified that he witnessed the mother and the child located outside of petitioner's camper without petitioner present. The probation officer testified that petitioner testified that "we" lived in the camper, which the officer understood to mean petitioner, the mother, and the child were living together in the camper. The probation officer also testified that petitioner admitted to abusing nonprescribed hydrocodone, and the testimony of a day report center employee established that petitioner admitted to abusing nonprescribed hydrocodone and methamphetamine on a different occasion.

A DHHR worker testified that, after removing the child pursuant to the circuit court's order, the child reported that the mother lived in the camper with her and petitioner. A home confinement officer further testified that the mother had been sentenced to thirty days of home incarceration in an unrelated criminal case and that GPS monitoring confirmed that she was located at petitioner's camper during that time frame.

Following this testimony, the circuit court found that petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on his own or with help by failing, after nearly two years of improvement periods, to abide by the court's orders regarding supervised visits and to abstain from illegal drug use. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the circuit court's April 4, 2022, dispositional order. [3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner raises several assignments of error regarding the termination of his parental rights. Petitioner argues that the court erred in terminating his parental rights "on an alleged admission by the petitioner of non-compliance with the terms of visitation and on hearsay evidence of the child's alleged statement."[4] Petitioner claims his parental rights were terminated on a "technical violation" and that the circuit court had placed no restrictions on the frequency or duration of the visits he could supervise between the mother and the child. Petitioner contests the probation officer's testimony and points

---

[3]The mother's parental rights were also terminated below. The permanency plan for the child is adoption in her current foster placement.

[4]To the extent that petitioner takes issue with the DHHR worker's testimony regarding the child's disclosures, we note that petitioner failed to cite to any legal authority in support of his argument, in contradiction to Rule 10(c)(7) of the Rules of Appellate Procedure, which requires that "[t]he brief must contain an argument exhibiting clearly the points of . . . law presented . . . and citing the authorities relied on." Further, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'" As such, we decline to address this argument.

to his own testimony wherein he denied allowing the mother to live in the camper with the child and denied being under the influence of controlled substances when the child was in his care. Further, petitioner argues that the circuit court should not have considered hearsay testimony regarding the child's disclosures. Lastly, petitioner argues that the circuit court erred in terminating his parental rights when less-restrictive alternative dispositions were available.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(d) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help."

Here, petitioner fails to demonstrate that the circuit court erred in terminating his parental rights. While petitioner contests the testimony of the probation officer and points to his own testimony in support of his argument, we note that the circuit court heard and assessed the weight of the witnesses' testimony. We decline to disturb those credibility determinations. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The circuit court heard the probation officer's testimony that petitioner admitted to drug use and to permitting the mother to live with him and the child. It also heard the testimony of the day report center's employee that petitioner admitted to drug use. Further, the mother's home confinement officer testified that her GPS monitor showed her at petitioner's camper rather than in her own home during her thirty-day confinement. The circuit court found the testimony to be credible when compared to petitioner's self-serving testimony and determined that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future given that he had participated in nearly two years of services yet failed to abstain from drugs and comply with the mother's visitation requirements. We agree and find that petitioner is entitled to no relief in this regard.

Lastly, while petitioner argues that the circuit court should not have terminated his parental rights when less-restrictive alternative dispositions were available, we note that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). As noted above, the circuit court was presented with sufficient evidence to make a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and, as such, we find that the circuit court did not err in terminating petitioner's parental rights without considering less restrictive alternative dispositions.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn